# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2022

Lyle W. Cayce
Clerk

No. 21-60833
Summary Calendar

AHMED SALA ALI BURALE,

*Petitioner—Appellant*,

*versus*

CHERON NASH, *Warden, Federal Correctional Institute Yazoo City Medium*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CV-592

Before JOLLY, JONES, and HO, *Circuit Judges*.

PER CURIAM:*

Ahmed Sala Ali Burale, federal prisoner # 77996-083, appeals from the dismissal of his 28 U.S.C. § 2241 petition challenging his conviction and sentence for piracy under 18 U.S.C. § 1651. Burale argues that he is actually

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

innocent of the offense because the district court lacked personal jurisdiction over him. He contends that a claim of actual innocence falls under the savings clause of 28 U.S.C. § 2255(e).

To attack a conviction or sentence under § 2241, a prisoner must satisfy the savings clause of § 2255(e) by showing the inadequacy or ineffectiveness of the § 2255 remedy. *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001). A prisoner makes this showing if he demonstrates that his petition raises a previously foreclosed claim based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense. *Id.* at 904.

Burale does not make the showing required under the savings clause. *See Reyes-Requena*, 243 F.3d at 904. Moreover, the case cited by Burale for the existence of an actual-innocence exception for § 2241 petitions, *McQuiggin v. Perkins*, 569 U.S. 383 (2013), does not support his contention.

The judgment of the district court is AFFIRMED.